# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BENNIE RAY JONES, #1311421, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1932-P |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.[1]

Parties: Petitioner is presently incarcerated at the Huntsville Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process in this case pending preliminary screening.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated assault with a deadly weapon in the 195th Judicial District Court, Dallas County, Texas, in Cause No. F05-49583-KN. (Petition (Pet.) at 2). The jury assessed punishment,

---

[1] This action was initially filed in the Southern District of Texas, which in turn transferred it to this court.

enhanced by two prior felony convictions, at twenty-nine years imprisonment. (*Id.*). The court

of appeals affirmed the judgment of conviction. *See Jones v. State*, No. 05-05-00928-CR (Tex.

App. -- Dallas, Sep. 5, 2006, pet. ref.). The Texas Court of Criminal Appeals (TCCA) refused a

petition for discretionary review on March 14, 2007. *See* No. PD-1556-06.[2]

On September 7, 2007, Petitioner sought state habeas relief pursuant to art. 11.07, Texas

Code of Criminal Procedure. *See* Attachment I, for copy of Judicial Information reflecting filing

date in top right hand corner. The TCCA denied the application without written order on

November 7, 2007. *Ex parte Jones*, No. WR-17,516-04. *See* Copy of white card attached to

Petitioner's response filed on November 18, 2008.

In his federal petition, filed on October 27, 2008, Petitioner raises four main grounds for

habeas relief: (1) denial of a fair trial before an impartial judge and jury; (2) insufficiency of the

evidence; (3) improper admission of extraneous offenses; and (4) denial of effective assistance

of counsel at trial.[3]

---

[2]  The docket sheets for Petitioner's direct appeal and petition for discretionary review are available at the following internet addresses: http://www.courtstuff.com/FILES/05/05/05050928.HTM, and http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=246703.

[3]  Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed under the mailbox rule when the prisoner tenders it to prison officials for mailing. The court cannot rely on the date of signing of the petition – November 22, 2008 – because it post-dated the filing date, and clearly is a typographical error. (*See* Pet. at 9). However, Petitioner obtained a certificate of inmate trust account on October 22, 2008, which he mailed to the court along with the federal petition and request for leave to proceed *in forma pauperis*. (*See* Mot. for Leave to Proceed *In Forma Pauperis* at 2). Therefore, for purposes of this recommendation, the petition is deemed filed on October 22, 2008, the earliest possible date on which Petitioner could have placed it along with his certificate of trust account in the prison mail. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas

corpus relief.  *See* 28 U.S.C. § 2244(d).  The court may raise the affirmative defense of the

statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999);

*see also Day v. McDonough*, 547 U.S. 198, 210-11, 126 S.Ct. 1675, 1684-85 (2006).[4]

The one-year period is calculated from the latest of either (A) the date on which the

judgment of conviction became final; (B) the date on which an impediment to filing an

application created by State action in violation of the Constitution or laws of the United States is

removed, if the applicant was prevented from filing by such State action; (C) the date on which

the Supreme Court initially recognizes a new constitutional right, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (D) the date on which the facts supporting the claim became known or could have

become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition.  Nor does he base his petition on any new constitutional

right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the

facts supporting the claims raised in the instant petition became known or could have become

known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court

will calculate the one-year limitations period from the date Petitioner's conviction became final

---

[4]      On October 31, 2008, the court issued an order to show cause, advising
Petitioner of the one-year statute of limitations and granting him an opportunity to
explain why his case should not be time barred or why the statute of limitations should be
tolled on equitable grounds.  Petitioner filed his response on November 18, 2008.

at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on June 12, 2007, ninety days after the TCCA refused the petition for discretionary review. *See* Sup. Ct. R. 13.1, 13.3 (2008); *Clay v. United States*, 537 U.S. 522, 528 n. 3, 123 S.Ct. 1072 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). The one-year period began to run on June 13, 2007, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of September 7, 2007, the date on which Petitioner filed his art. 11.07 application, 86 days of the one-year limitations period had elapsed. The state application remained pending until its denial on November 7, 2007, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on November 8, 2007, and expired 279 days later on August 13, 2008. Therefore, the federal petition, deemed filed on October 22, 2008, is clearly untimely absent equitable tolling.

In response to the court's order to show cause, Petitioner asserts that his federal petition is timely because it was submitted within one year of the denial of his state application on November 7, 2007. (Pet's Response at 1). His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless. *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge). The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon conclusion of *direct review* of a judgment of conviction, or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); *see Roberts v.*

*Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The running of the one-year period is suspended

while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2).

The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in

this way. *See Harris*, 209 F.3d at 327-28.

To the extent Petitioner requests equitable tolling, his request should be denied. "'The

doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of

limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir.

2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*,

549 U.S. 327, ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to

equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way" and prevented timely filing.

This case does not present the type of extraordinary circumstances and due diligence

required for equitable tolling. If Petitioner is relying on his erroneous belief about the date on

which the one-year limitations period began to run, it is well settled that ignorance of the law is

not a basis for applying equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 172-73 (5th Cir.

2000) (ignorance of law and *pro se* status insufficient to justify equitable tolling). In addition,

although Petitioner filed his art. 11.07 application within 86 days of the date his conviction

became final, his delay of 349 days – from the date on which his state application was denied

until he placed his § 2254 petition in the prison mail system – is unreasonable and wholly

inconsistent with the diligent pursuit of his rights. Petitioner provides no explanation for this

lengthy delay, which appears to have been of his own making. Such unexplained delay makes

the circumstances of this case not extraordinary enough to qualify for equitable tolling. *See*

*Coleman  v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the

state court denied the state petition made the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because Petitioner has not carried his burden of establishing that equitable tolling is warranted, in the exercise of discretion the District Court should refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 19th day of December, 2008.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

**ATTACHMENT  I**